JOHNSON v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. CARRIERS—INJURIES TO PASSENGERS—NEGLIGENCE—SUDDEN STOPS.

The mere fact that a street car suddenly stopped, so as to precipitate a passenger through the front window of the car, was not sufficient to show negligence, in the absence of any evidence that the stoppage was more than usually violent, or that there was a greater jerk than the ordinary one incident to the stopping of any car.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by James Johnson against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Henry A. Robinson and Henry W. Goddard (William E. Weaver, of counsel), for appellant.

George W. Simpson, for respondent.

FREEDMAN, P. J. Plaintiff was a passenger on one of defendant's cars which came south on Amsterdam avenue and proceeded easterly upon 125th street, its destination being Eighth avenue. The car, as it approached Eighth avenue, did not stop upon the main track, but crossed upon a short switch, and then stopped. The plaintiff was seated in the forward part of the car. After the car entered the switch, and just before it stopped, the plaintiff started to alight, and gives this account of the accident:

"The man with the uniform opened the door of the car, also the side door, and I was in a half-rising position, going out, when I made a grab for the

strap and missed it, when a sudden stop came and pushed me right through the front window of the car, the window on the right-hand door. This [indicating right hand] went through. I have ridden on that car line for a year, night and morning."

This, standing alone, and there being no evidence that the stoppage of the car was more than usually violent, or that the stopping of the car was more than the usual and ordinary jerk necessarily incident to the stopping of any car, is not sufficient to establish negligence on the part of the company. In his version of the occurrence the plaintiff is contradicted by the conductor and motorman of the car and two other witnesses, who appear to be disinterested. There must be a new trial.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.