(48 Misc. Rep. 526)

### NORMINTON v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.   November 24, 1905.)

CARRIERS—INJURY TO PASSENGER—NEGLIGENCE.

> Where a passenger in a street car stood up in the aisle as the car stopped between stations, and, though notified that it would soon start, remained standing until it started with a jerk, which injured her, the carrier was not shown to be negligent.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Agnes Norminton against the Interborough Rapid Transit Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

G. R. Coughlin, for appellant.

J. Deyo, for respondent.

PER CURIAM.   The plaintiff left her seat in the elevated railroad train before the car had reached a station, and stood in the aisle.   The car gave a sudden jerk, and she was thrown and injured.   The case of Needham v. Interborough Rapid Transit Co. (App. Term, Oct., 1905) 95 N. Y. Supp. 561, seems to be controlling here.   The court there say:

> "There was no proof of negligence.   All that is testified to is by the plaintiff that as he walked toward the door the train came to a sudden stop, and he was thrown down.   This is not sufficient to justify the inference that defendant or any of its servants were negligent.   The complaint should have been dismissed."

In the case at bar the car came to a stop between stations, and the plaintiff voluntarily left her seat to stand up.   The conductor announced that the car would soon start up again.   It did so, and plaintiff, while voluntarily standing in the aisle, was hurt.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

MacLEAN, J., taking no part.