### WAGNER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 20, 1907.)

CARRIERS—CARRIAGE OF PASSENGERS—SETTING DOWN PASSENGERS.

    A street railway company is not liable for injuries sustained by a passenger in alighting, where the signal to the motorman to start was given by another passenger.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1228, 1228½.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Charlotte Wagner for personal injuries against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

William E. Weaver, for appellant.
Abraham G. Meyer, for respondent.

McCALL, J. The question upon which this case turns is: By whom was the signal given that caused this car to start after it had

stopped and while the plaintiff was in the act of alighting? That the car did stop, that the passenger sought to alight, and was thrown by the sudden propelling of the car forward, seems to admit of no doubt whatever from the proof, if, indeed, it is not practically conceded. There is a conflict in the proof as to who signaled the motorman to stop. The plaintiff says she asked the conductor, who was in the body of the car at the time, to stop; that she saw him reach and catch the strap and pull the bell. The witness Thiele swears that the plaintiff asked a passenger to stop the car, and that the passenger rang the bell for the car to stop; but that is of little moment, as both sides establish the fact that the car did stop before the passenger sought to step therefrom. But, when we come to consider the proof on the question of who gave the signal to start, the record is absolutely silent in so far as plaintiff's case on the direct examination is concerned, while the defendant's proof is directly and positively given on the point that the bell to start was given, not by the conductor, but by "a young man standing on the back," who "rang the bell twice and the car went ahead," who got off the car before the conductor got to the back platform. This testimony was not rebutted, stands absolutely uncontradicted, and is the only testimony in the case on either side as to the cause of the car's starting while the passenger was alighting.

Under such circumstances the verdict cannot stand. It is in absolute derogation of the court's instructions as to the law he laid down in his charge. How can negligence of this defendant be predicated upon the unauthorized act of this passenger? Certainly the motorman, in receiving the signal and starting his car, was not guilty of an act from which negligence can be deduced. McDonough v. Third Ave. R. R. Co., 95 App. Div. 311, 88 N. Y. Supp. 609. In the case at bar there is no conflict of proof as to who gave the starting signal, and it is established that it was the meddling act of a man unknown, who was a passenger on the car. We have held in a case of similar purport, upon conflicting proof on this fact, where the weight of evidence only seemed to favor the defendant, that the interests of justice required a reversal. Fitzpatrick v. Int. St. Ry. Co. (Sup.) 89 N. Y. Supp. 1105.

At the end of the case the defendant's counsel sought to have the trial justice instruct the jury upon this feature, in a request to charge which he had but started to frame when the court, interrupting, stopped him, and then, unquestionably misinterpreting him, in that the request about to be made affected the signal given to stop, not start, the car, charged the jury: "It matters not who rang the bell," etc. The court should have allowed counsel to fully state his request to charge, as most clearly manifested in his misinterpretation of the request about to be made; for, if it was not misinterpretation, and there was nothing else in the case to constitute error but his subsequent charge, then it constituted reversible error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.