ETTA SMITH, Plaintiff, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Defendant.

City Court of New York, Bronx County, January 27, 1931.

*S. Arthur Glickstein*, for the plaintiff.

*A. C. Mayo*, for the defendant.

DONNELLY, J. Plaintiff was a passenger on a west-bound One Hundred and Sixty-seventh street cross-town car. She testified that when the car was approaching Sheridan avenue, and had reached the middle of the block, she gave a signal to the conductor to stop the car, walked to the front platform, and, while standing there, the car gave a jerk, the door opened and her hand was caught

in the door before the car came to a stop. At first the plaintiff testified the motorman opened the door by pushing his foot on something, but, when pressed by defendant's counsel, she admitted she did not know whether the motorman pushed anything or not; and, in response to the court's question, " Did you see the motorman push anything with his foot? " she answered, " No." The door was opened by a fellow-passenger. For this act of the passenger the defendant may not be held liable. (*Kiernan* v. *Manhattan Ry. Co.,* 28 Misc. 516, bottom of p. 519; *McDonnell* v. *N. Y. Cent. & H. R. R. R. Co.,* 35 App. Div. 147; *McDonough* v. *Third Ave. R. Co.,* 95 id. 311; *Wagner* v. *N. Y. City Ry. Co.,* 107 N. Y. Supp. 807.) If there was a jerk, it occurred as the car was slowing down to stop at Sheridan avenue. But there was no evidence that the jerk was unusually violent, or that it was more than the ordinary jerk necessarily incidental to the stopping of the car. In the absence of such evidence, negligence upon the part of the defendant was not established. (*Johnson* v. *Interurban St. Ry. Co.,* 88 N. Y. Supp. 866; *Norminton* v. *Interborough R. T. Co.,* 48 Misc. 526; *Hirsch* v. *Union Ry. Co.,* Id. 527; *Molloy* v. *N. Y. City Ry. Co.,* 98 N. Y. Supp. 211; *Hayes* v. *42nd St. & Grand St. Ferry R. R. Co.,* 97 N. Y. 259.)

Defendant's motions to set aside the verdict and to dismiss the complaint are granted, with an exception in each instance to plaintiff. Ten days' stay of execution and thirty days to make and serve a case, allowed.